**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| INNOVATIVE SPINAL | : | Case No. 09-14415 (FJB) |
| TECHNOLOGIES, INC., | : | |
| | : | |
| Debtor. | : | |
| | : | |

## NOTICE OF FINAL BIDDER, BACK-UP BIDDER, AND FINAL LIST OF CONTRACTS TO BE ASSUMED AND ASSIGNED[1]

PLEASE TAKE NOTICE that, in accordance with the terms of this Court's Order dated August 3, 3009 (the "Bid Procedures Order"), the Trustee conducted a sealed bid auction (the "Auction") on August 24, 2009 (the "Auction Date") at Eckert Seamans Cherin & Mellott, LLC, Two International Place, 16th Floor, Boston, Massachusetts. Only parties that timely submitted a Qualifying Bid (as defined in the Bid Procedures Order) were permitted to participate in the Auction. At the conclusion of the bidding the Trustee designated Integra LifeSciences Corporation ("Integra") as the Final Bidder and designated Biomet, Inc. ("Biomet") as the Back-Up Bidder in accordance with the terms of the Bid Procedures Order.

PLEASE TAKE FURTHER NOTICE the Trustee intends to assume and assign to the Final Bidder the following two contracts (the "Assigned Contracts"):

1. Patent License Agreement with Alpinespine, LLC, dated August 7, 2006; and

2. Development and License Agreement with Roger P. Jackson, M.D. Midwest Spine Foundation and SMS Trust (collectively, the "Jackson Group") dated November 1, 2004.

PLEASE TAKE FURTHER NOTICE that the Trustee's decision to assume and assign the Assigned Contracts is subject to the Bankruptcy Court's approval of the Asset Sale at a hearing on August 26, 2009 at 2 p.m. (the "Sale Hearing") at the United States Bankruptcy Court for the District of Massachusetts, located at 1101 Thomas P. O'Neil Federal Office Building, 10

---

[1] The following four parties previously filed objections to the Trustee's August 4, 2009 notice of intent to assume certain executory contracts ("August 4th Notice"): (a) Frank Boehm, Jr., Benedetta Melnick, and Creative Neuroscience Applications, LLC (collectively "CNA"), (b) Millstone Medical Outsourcing, Inc., (c) X-Spine Systems, Inc., and (d) Roger P. Jackson, M.D., Midwest Spine Foundation, and SMS Trust (collectively the "Jackson Group")("Objections"). To the extent not otherwise resolved, the objections shall be heard at the Sale Hearing on August 26, 2009 at 2 p.m.

{K0403734.2}

Causeway Street, Boston, Massachusetts, where the Trustee will seek approval and authorization of the Asset Sale to the Final Bidder.[2]

PLEASE TAKE FURTHER NOTICE any objections by the counterparties of the Assigned Contracts to the adequate assurance of future performance by the Final Bidder on the Assigned Contracts are due by noon on August 26, 2009.

PLEASE TAKE FURTHER NOTICE that adequate assurance of future performance by Integra can be obtained through a review of Integra's Annual Report on Form 10-K and Integra's latest Quarterly Report on Form 8-K, which are available on Integra's webpage http://investor.integra-ls.com/sec.cfm.

**WARREN E. AGIN, CHAPTER 7 TRUSTEE OF INNOVATIVE SPINAL TECHNOLOGIES, INC.**

By his attorney,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: /s/ John G. Loughnane
John G. Loughnane No. 557599
Two International Place, 16th Floor
Boston, MA  02110
Telephone:  (617) 342-6885
Facsimile:   (617) 342-6899

Dated: August 24, 2009

---

[2] The bid submitted by the Back-Up Bidder does not require the Trustee to assume and/or assign any contract listed on Schedule 1 to the August 4th Notice. The Back-Up Bidder's bid would require the Trustee to assign (i) all prepetition non disclosure agreements signed by the Debtor and (ii) all employee agreements identified in certain due diligence materials made available by the Trustee to the bidders. In the event the Trustee seeks to close a transaction with the Back-Up Bidder, the Trustee take such steps as required to obtain authority to assign such contracts. The bid submitted by Back-Up Bidder provides that the Trustee would use best efforts to assign such agreements but that such assignment would not be a condition to closing.

{K0403734.2}